IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Ronald C. Grumbkow, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) C.A. No. 06-489 (JJF) |
| | ) |
| The Walt Disney Company, | ) |
| George J. Mitchell, | ) |
| Chairman of the Board & | ) |
| Robert A. Iger, | ) |
| President/Chief Executive Officer | ) |
| & Jeffrey Ruthizer, | ) |
| Vice-President/ABC Group | ) |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

POTTER ANDERSON & CORROON LLP
Robert K. Payson (#274)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000

Dated: September 11, 2006

*Attorneys for Defendants*

# TABLE OF AUTHORITIES

PAGE

*Ayres v. Jacobs & Crumplar, P.A.*
   99 F.3d. 565 (3d. Cir. 1996)....................................................................................................12

*Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*,
   295 F. Supp. 2d 400 (D. Del. 2002).........................................................................................12

*Brathwaite v. Holman*,
   2006 WL 1995137 (D. Del. July 17, 2006) ..........................................................................5, 9

*E.I. du Pont de Nemours and Company v. Rhodia Fiber and Resin Intermediates, S.A.S.*,
   197 F.R.D. 112 (D. Del. 2000) ...............................................................................................12

*Grumbkow v. Bush, et al.*,
   No. 06-1013 (D.D.C. June 26, 2006)..................................................................................6, 10

*Kopicko v. Dept. of Svcs. for Children, Youth and Their Families*,
   2004 WL 1837903 (D. Del. August 13, 2004) .........................................................................5

*Lampe v. Xouth, Inc.*,
   952 F.2d 697 (3d Cir. 1991)....................................................................................................11

*M&M Techs. v. Furtler Chems., Inc.*,
   2005 WL 293509 (D. Del. Feb. 8, 2005).................................................................................12

*Sene v. MBNA America, Inc.*,
   2005 WL 2304181 (D. Del. Sept. 20, 2005) ...........................................................................11

*Williams v. Potter*,
   384 F. Supp. 2d 730 (D. Del. 2005)................................................................................ *passim*

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 4 ..................................................................................................11

Federal Rule of Civil Procedure 8 ...............................................................................................6, 7

Federal Rule of Civil Procedure 12 ............................................................................................6, 12

10 Del. C. § 3104 ............................................................................................................................12

# TABLE OF CONTENTS

**PAGES**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ............................................................................. 1

SUMMARY OF ARGUMENT ..................................................................................................... 2

STATEMENT OF FACTS ............................................................................................................ 3

ARGUMENT ................................................................................................................................. 5

    I.    THE COMPLAINT SHOULD BE DISMISSED FOR
         FAILURE TO STATE A CLAIM ............................................................................ 5

         A.    Applicable Legal Standard ............................................................................ 5

         B.    The Complaint Should Be Dismissed Because It Fails
              To Give Defendants Fair Notice of Plaintiff's Claims ................................. 6

         C.    Plaintiff Should Not Be Permitted to Amend His
              Complaint ...................................................................................................... 8

    II.   THE COMPLAINT SHOULD BE DISMISSED DUE TO
         INSUFFICIENCY OF SERVICE OF PROCESS AND
         INSUFFICIENCY OF PROCESS ........................................................................... 11

    III.  THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL
         JURISDICTION ...................................................................................................... 12

         A.    Applicable Legal Standard .......................................................................... 12

         B.    Plaintiff Has Not Pleaded Facts Sufficient to Show that the Court has
              Jurisdiction Over Messrs. Mitchell, Iger, and Ruthizer ............................. 12

CONCLUSION ............................................................................................................................ 14

## NATURE AND STAGE OF PROCEEDING

On August 7, 2006, Plaintiff Ronald C. Grumbkow filed a complaint (the "Complaint") against The Walt Disney Company, George J. Mitchell, as Chairman of the Board, Robert A. Iger, as President and Chief Executive Officer, and Jeffrey Ruthizer, as "Vice President/ABC Group" (collectively, "Defendants"). (D.I. 1) A summons has not been issued for The Walt Disney Company. On August 16, 2006, summonses were issued for George J. Mitchell, Robert A. Iger, and Jeffrey Ruthizer. (Docket Entry dated August 16, 2006) Copies of those summonses and postal receipts for the mailing of those summonses were filed on August 30, 2006. (D.I. 3, 4, 5) On September 1, 2006, Plaintiff filed a proposed form of restraining order. (D.I. 6)

This is the Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint.

## SUMMARY OF ARGUMENT

1. The Complaint should be dismissed for failure to state a claim upon which relief can be granted because it does not give Defendants fair notice of Plaintiff's claims.

2. The Complaint should be dismissed for insufficiency of process, and insufficiency of service of process. The summonses that have been directed to Messrs. Mitchell, Iger, and Ruthizer have not been served properly. A summons directed to The Walt Disney Company has not been issued.

3. The Complaint should be dismissed as to Messrs. Mitchell, Iger, and Ruthizer for lack of personal jurisdiction. Plaintiff has not pleaded, and will not be able to plead, any facts sufficient to show personal jurisdiction over those defendants.

## STATEMENT OF FACTS

It is not feasible to prepare a statement of facts based upon the allegations contained in the Complaint. The Complaint contains only conclusory and confusing allegations, from which neither a coherent set of facts nor a viable cause of action can be discerned. For example, Plaintiff asserts that Defendants and others have denied him certain undefined employment opportunities "in an attempt to thwart the plaintiff from continuing his uncovering of various forms of fraudulent schemes used by the defendants to manipulate arbitration awards, control union voting figures, employee buyouts and labor contract agreements and deals and other associated illegalities..." (D.I. 1) Plaintiff does not include in the Complaint any factual allegations to support those assertions, such as a description of any employment opportunities he sought, was denied, or how Defendants denied him such employment opportunities. Further, Plaintiff alleges no facts to support his claim of "fraudulent schemes" purportedly used by Defendants.

Plaintiff also asserts that "[t]he primary actions against the plaintiff were perpetuated" by various law firms and lawyers "through clandestine quid-pro-quo maneuvers," which somehow violated Plaintiff's civil rights. *Id.* Plaintiff, however, does not provide any facts to support that contention, nor does he articulate how his "civil rights" were violated.

Plaintiff further asserts that Defendants "have in effect shielded themselves until recently from collusively criminal acts against plaintiff and his family as so defined within the Racketeer Influenced Corrupt Organization act." *Id.* Plaintiff alleges no facts to describe what "collusively criminal acts" have been committed against him and his family. Similarly, Plaintiff does not allege any "facts" that would support a claim under the Racketeer Influenced and Corrupt Organizations Act.

Ultimately, Plaintiff concludes that he is entitled to compensatory and punitive damages in the amount of $10.1 billion "as a result of these documented allegations and the plaintiff [sic] thirty seven year under compensated career at ABC News." *Id.* Plaintiff appears to base his entitlement to $10.1 billion on "the historic and high recognizability on a worldwide basis of the (Von) Grumbkow name." *Id.* Plaintiff fails to make any allegations to support or explain his claimed damages, much less why the (Von) Grumbkow name entitles him to any damages award.

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

    A. <u>Applicable Legal Standard</u>

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations of the complaint and construe those allegations in favor of the plaintiff. *Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005) (citing *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998)). "In particular, the court looks to 'whether sufficient facts are pleaded to determine that the complaint is not frivolous and to provide the defendants with adequate notice to frame an answer.'" *Brathwaite v. Holman*, 2006 WL 1995137, *2 (D. Del. July 17, 2006) (quoting *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir. 1988)). Moreover, "the court need not 'credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.'" *Id.* (quoting *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). The motion to dismiss should be granted only if, even accepting a plaintiff's allegations as true and viewing them in the light most favorable to him, no relief could be granted under any set of facts consistent with the allegations contained in the complaint. *Williams*, 384 F. Supp. 2d at 733 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

"Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir.1997) (overruled on other grounds); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 456 (3d Cir.1996)). However, even a *pro se* plaintiff is "required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kopicko v.*

5

*Dept. of Svcs. for Children, Youth and Their Families*, 2004 WL 1837903, *2 (D. Del. August 13, 2004), *2 (quoting *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993)) (internal quotations and citations omitted) (dismissing complaint for failure to state a claim when the only discernable claim did not give court basis for exercising subject matter jurisdiction over the controversy). As the District Court for the District of Columbia recently explained to this same Plaintiff in response to a similarly deficient complaint against President George W. Bush (and others), although "[c]omplaints filed by *pro se* litigants are held to less stringent standards than are formal pleadings drafted by lawyers ... *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure." *Grumbkow v. Bush, et al.*, No. 06-1013 (D.D.C. June 26, 2006) (order to show cause). A0001-0002.* The court further concluded that, "[a]s drafted, the complaint does not make clear what claims plaintiff is pursuing against which defendants on what grounds, and it does not provide sufficient notice to the defendants of the claims so that they may prepare a proper defense." *Id.* As explained below, the Complaint filed in this action suffers from the same fatal deficiencies.

>    B. **The Complaint Should Be Dismissed Because It Fails to Give Defendants Fair Notice of Plaintiff's Claims**

Like the complaint that Plaintiff filed in the United States District Court for the District of Columbia, the Complaint is subject to dismissal pursuant to Rule 12(b)(6) because it fails to meet even the liberal pleading standard of Federal Rule of Civil Procedure 8. *Id. See also Williams*, 384 F. Supp. 2d at 733 (citing *Buschel v. MetroCorp.*, 957 F. Supp. 595, 597 (E.D. Pa. 1996); 5B Wright & Miller, Federal Practice and Procedure Civil 3d § 1356 (2004)). Pursuant to Federal Rule of Civil Procedure 8(a)(2), the Complaint must set forth, "a short and

---

*"A___" refers to the Appendix filed with this Memorandum.

6

plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement of a short and plain statement need only give Defendants fair notice of Plaintiff's claims and the grounds upon which they rest. *Williams*, 384 F. Supp. 2d at 733 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). "Vague and conclusory factual allegations," however, "do not provide fair notice to a defendant." *Id.* (citing *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980) (discussing civil rights cases)).

In *Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005), this Court dismissed a *pro se* complaint because the plaintiff, a former United States Postal Service worker, had failed to give the defendants adequate notice of her claims. In her complaint, the plaintiff included facts alleging that she suffered a workplace injury, was unlawfully removed from her work place, suffered various wrongs because she engaged in "whistle blowing activities," the United States Postal Service maintained inaccurate records concerning her employment causing her to lose benefits from the Department of Labor, several individually named defendants gained access to her medical and workers compensation files without her permission, the defendants failed to provide her with a copy of the Privacy Act or defendants' routine use of the Act, and one of the defendants violated the Privacy Act by forcing her to carry restricted information. *Id.* at 732-33. The defendants in that case filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 732. The Court granted the motion to dismiss, holding that, any Privacy Act claims were barred by the applicable statute of limitations, and that, with respect to all other claims, even pursuant to the less stringent standard applied to *pro se* complaints, the complaint failed to provide legally sufficient information to give defendants fair notice of her claims or the statutory authority for those claims. *Id.* at 733.

In the present case, Plaintiff has provided even less information in his Complaint than the plaintiff in the *Williams* case. First, Plaintiff has alleged no facts that would tend to give Defendants notice concerning the events or actions that he alleges caused damage to him. Nor has Plaintiff given any indication of when such events or action allegedly occurred such that Defendants can determine whether such undefined claims were timely filed. Moreover, Plaintiff has not made any allegations to describe what actions he attributes to The Walt Disney Company as opposed to Messrs. Mitchell, Iger, or Ruthizer. Finally, as noted by this Court in *Williams*, although Plaintiff uses certain words that could provide a hint at his claims,[1] simply naming a statute or using certain words or phrases that *might* indicate a possible cause of action is not sufficient to give Defendants fair notice of the statutory bases of his claims, as it requires Defendants and the Court to expend time and resources to find potentially viable claims for Plaintiff. *Id.* Moreover, as previously noted, Plaintiff has not alleged any "facts" that could be deemed to support any such claims. Defendants simply do not have fair notice of either the nature or basis of Plaintiff's purported claims. Consequently, Plaintiff has failed to state a claim and the Complaint should be dismissed.

### C. Plaintiff Should Not Be Permitted to Amend His Complaint

The Third Circuit has held that, in *pro se* cases, a court typically should not dismiss a complaint with prejudice, but rather, the court should permit the plaintiff to amend his complaint. *See Brathwaite*, 2006 WL 1995137 at *3 (citing *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004)). That rule, however, applies only where a plaintiff can remedy his complaint by amendment -- it does not apply where, as here, an amendment would be inequitable, futile, or

---

[1] Plaintiff simply cites the "Racketeer Influenced Corrupt Organization act," lists a litany of purported civil rights violations and suggests that he will explain those in detail in some later filed brief, and uses the phrase "denial of employment." (D.I. 1)

8

untimely. *Id.* As demonstrated by Plaintiff's prior litigation history against The Walt Disney Company and its affiliates, the present case is one in which an amendment to the Complaint would be futile.

Plaintiff filed a similarly vague and confusing complaint against The Walt Disney Company on August 23, 2002, along with an incomplete application to proceed in forma pauperis. *Grumbkow v. The Walt Disney Company*, No. 02-0102 (D. Del. filed June 21, 2002). A0003-0005. In that complaint, Plaintiff provided only conclusory allegations without any facts to give The Walt Disney Company fair notice of his claims. For example, Plaintiff alleged that, "[t]he Defendant and certain officers, directors and managers of the company have engaged in conduct so defined within the scope of the Racketeer Influenced Corrupt Organization Act which has resulted in the termination of employment from the company of the above-named plaintiff." *Id.* Plaintiff did not explain what conduct he was referring to as being within the scope of the Racketeer Influenced and Corrupt Organization Act, nor did he state when he was terminated from employment. Plaintiff also failed to allege any facts that would tend to show a causal connection between a termination from employment and the conduct on the part of The Walt Disney Company to which he was referring. In that case, Plaintiff claimed that he was entitled to $44 million in damages. *Id.* That case was closed on October 9, 2002, after the Court denied Plaintiff's motion to proceed in forma pauperis. *Grumbkow v. The Walt Disney Company*, No. 02-mc-0102 (D. Del. August 23, 2002) (order denying motion to proceed in forma pauperis). A0006.

In addition, as noted above, on May 30, 2006, Plaintiff filed yet another vague and confusing complaint in the District Court for the District of Columbia against President

9

George W. Bush, David L. Westin, President of ABC News,[1] and John Clark, President of NABET-CWA. *Grumbkow v. Bush, et al.*, No. 06-1013 (D.D.C. filed May 30, 2006). A0007-0008. In that complaint, Plaintiff accused the defendants of, among other things, "engag[ing] in tactics of coercion, collusion and clandestine maneuvers for the purpose of denying the plaintiff all constitutional contractual and civil rights," and sought $1 billion in damages. *Id.* On June 26, 2006, the District Court for the District of Columbia entered an Order to Show Cause, finding that the complaint filed by Plaintiff failed to meet the pleading requirements set forth in Federal Rule of Civil Procedure 8, and ordering Plaintiff to submit an amended complaint by July 31, 2006, or show cause in writing why his complaint should not be dismissed. *Grumbkow v. Bush, et al.*, No. 06-1013 (D.D.C. June 26, 2006) (order to show cause). A0001-0002. On July 31, 2006, Plaintiff submitted an amended complaint, which does not remedy the deficiencies identified by the Court. *Grumbkow v. Bush, et al.*, No. 06-1013 (D.D.C. filed July 31, 2006).[2] A0009-0014.

As the foregoing demonstrates, Plaintiff has a history of filing frivolous lawsuits containing incomprehensible and unsupported allegations and claiming millions and billions in damages. Unfortunately, defendants (and the courts) are then forced to expend time and resources to address Plaintiff's vexatious litigation. Plaintiff's improper conduct must end, and he should not be permitted to file an amended complaint in this litigation.

---

[1] The Walt Disney Company and ABC are affiliated.

[2] In his amended complaint, Plaintiff simply makes more accusations against the defendants in that case without any factual support. For instance, in the amended complaint, Plaintiff vaguely alleged that defendant David L. Westin "engaged in coercive, collusive and clandestine maneuvers, by refusing to allow the airing of the now fully identified use of insurance, mail and tax fraud by the corporation as exposed by the plaintiff and the subsequent denial of all employment opportunities and due remuneration." A0010

10

## II. THE COMPLAINT SHOULD BE DISMISSED DUE TO INSUFFICIENCY OF SERVICE OF PROCESS AND INSUFFICIENCY OF PROCESS

The Complaint should be dismissed on the basis of insufficiency of process and service of process. The requirements for both process and the procedure for serving process are contained within Federal Rule of Civil Procedure 4. If a Plaintiff fails to comply with Rule 4, this Court cannot exercise personal jurisdiction over Defendants. *See Sene v. MBNA America, Inc.*, 2005 WL 2304181, *1 (D. Del. Sept. 20, 2005) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)) (dismissing a complaint for lack of personal jurisdiction because summons lacked the signature of the clerk and the seal of the Court); *see also Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-701 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.").

In order for this Court to exercise personal jurisdiction over Messrs. Mitchell, Iger, and Ruthizer, Plaintiff must comply with the procedure for serving an individual pursuant to Federal Rule of Civil Procedure 4(e). The only effort to effect service upon Messrs. Mitchell, Iger, and Ruthizer was to send the summonses and complaints by registered mail to their places of business. Such purported service does not comply with the applicable rules. Failure to properly serve a summons, even if properly issued, is not effective in conferring personal jurisdiction over an individual if he is not served in accordance with Rule 4. *See Ayers v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996).[1]

---

[1] As previously noted, Plaintiff has not even attempted to serve a summons and the Complaint on The Walt Disney Company.

11

### III. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

#### A. Applicable Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a court must dismiss a case when it lacks personal jurisdiction over the defendants. *E.I. du Pont de Nemours and Company v. Rhodia Fiber and Resin Intermediates, S.A.S.*, 197 F.R.D. 112, 119 (D. Del. 2000). The Court must accept as true all of the plaintiff's well-pleaded allegations and must construe all facts in his favor on a motion to dismiss for lack of personal jurisdiction, but the Court is permitted to look beyond the pleadings. *Id.* (citing *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) *cert denied*, 506 U.S. 817 (1992)). While Plaintiff is not specifically required by Rule 8 to plead facts sufficient to show personal jurisdiction over Defendants, once a jurisdictional defense has been raised, Plaintiff must establish that jurisdiction exists. *Id.* See also *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 402-403 (D. Del. 2002).

#### B. Plaintiff Has Not Pleaded Facts Sufficient to Show that the Court has Jurisdiction Over Messrs. Mitchell, Iger, and Ruthizer

In order to determine whether it has personal jurisdiction over Messrs. Mitchell, Iger, and Ruthizer, the Court, "must assess both the statutory and federal constitutional basis for jurisdiction." *E.I. du Pont de Nemours and Company*, 954 F.R.D. at 119. The statutory test is based upon an evaluation of whether Delaware's long-arm statute, 10 *Del. C.* § 3104, provides a sufficient basis to exercise jurisdiction over Defendants. *Bell Helicopter Textron Inc.*, 295 F. Supp. 2d at 403. To meet the constitutional requirement, Plaintiff must show that Defendants have sufficient "minimum contacts" with Delaware "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *M&M Techs. v. Furtler*

*Chems., Inc.*, 2005 WL 293509, at *2 (D. Del. Feb. 8, 2005) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted)). Further, Plaintiff must show that Defendants, "purposefully availed [themselves] of the privilege of conducting activities within Delaware." *Id*.

In the present case, Plaintiff has not pleaded any facts that would even allow the Court to evaluate whether personal jurisdiction exists, let alone show a connection between Messrs. Mitchell, Iger, and Ruthizer, and the State of Delaware. While there is not a specific pleading requirement concerning personal jurisdiction, Plaintiff still must plead or, in response to a motion to dismiss on jurisdictional grounds, provide facts sufficient to allow the Court to conclude that Defendants are subject to jurisdiction. Defendants submit that Plaintiff has not pled such facts in the Complaint, and will be unable to proffer such facts -- as Messrs. Mitchell, Iger, and Ruthizer do not have sufficient contacts with the State of Delaware to meet either the statutory or constitutional standards to permit this Court to exercise personal jurisdiction over them with regard to this litigation. Therefore, the Complaint should be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the reasons stated above, Defendants request that this Court dismiss the Complaint of Plaintiff Ronald C. Grumbkow with prejudice.

          POTTER ANDERSON & CORROON LLP

          /s/ Suzanne M. Hill
          Robert K. Payson (#274)
          Suzanne M. Hill (#4414)
          Hercules Plaza, 6th Floor
          1313 N. Market Street
          P.O. Box 951
          Wilmington, DE 19899
          (302) 984-6000

Dated: September 11, 2006           *Attorneys for Defendants*

748610

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Suzanne M. Hill, hereby certify that on September 11, 2006, the attached documents were electronically filed with the United States District Court for the District of Delaware via CM/ECF (official Court electronic filing system) and two (2) true and correct copies were mailed via First Class Mail, Postage Prepaid to the following:

>Ronald C. Grumbkow
>32 Steeplechase Drive
>Doylestown Hunt Estates
>Doylestown, PA 18901

_____
Robert K. Payson (#274)
Suzanne M. Hill (#4414)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
kshannon@potteranderson.com
shill@potteranderson.com

15