IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD C. GRUMBKOW, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-489-JJF |
| | : |
| WALT DISNEY COMPANY, GEORGE J. | : |
| MITCHELL, ROBERT A. IGOR, and | : |
| JEFFREY RUTHIZER, | : |
| | : |
| Defendants. | : |

Ronald C. Grumbkow, Pro se Plaintiff.

Suzanne Melcher Hill, Esquire, Wilmington, Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

February 20, 2007
Wilmington, Delaware

**Farnan, District Judge**

Presently before the Court is Defendants' Motion To Dismiss with supporting memorandum, Plaintiff's Response, and Defendants' Reply. (D.I. 7, 8, 9, 10, 11, 12.) For the reasons set forth below, the Court will grant the Motion To Dismiss. (D.I. 7.)

I. **BACKGROUND**

Plaintiff alleges that Defendants have denied him of all normal employment opportunities and remuneration through planned patterns of harassment. (D.I. 1.) He alleges that the company (presumably The Walt Disney Company ("Walt Disney")), initiated the actions in an attempt to thwart him from uncovering fraudulent schemes used by Defendants to manipulate arbitration awards, control union voting figures, employee buyouts and labor contract agreements and deals, and other associated illegalities. Id. Plaintiff alleges that the actions were perpetrated by lawyers or law firms "through clandestine quid-pro-quo ongoing maneuvers." Id. Plaintiff alleges these actions resulted in the denial of due process and equal protection, illegal seizure of property, cruel and unusual punishment, and other violations. He further alleges that because of the company, Defendants have shielded themselves from collusively criminal actions as defined under the Racketeer Influenced Corrupt Organization Act ("RICO"). Plaintiff seeks ten billion, one hundred million dollars as a

result of the foregoing allegations and his thirty-seven year "under compensated career at ABC News" due to recognition of the "(Von) Grumbkow name." Id.

The Court Docket Sheet indicates that summonses were issued for Defendants George J. Mitchell ("Mitchell"), Robert A. Iger ("Iger"), and Jeffrey Ruthizer ("Ruthizer"). Plaintiff filed copies of the summonses along with postal receipts for mailing of the summonses. (D.I. 3, 4, 5.) The Court Docket does not indicate that summons was issued for Walt Disney.

Defendants move for dismissal pursuant Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and for failure to state a claim. (D.I. 7.) Plaintiff objects to the Motion on the basis that it is an "attempt to further cover-up the illegalities committed" by Defendants. (D.I. 11.)

II. DISCUSSION

   A. Dismissal Under 12(b)(2)

Defendants argue that Plaintiff has not pled facts sufficient to show that the Court has personal jurisdiction over Defendants Mitchell, Iger, and Ruthizer. While Plaintiff opposes the Motion To Dismiss, he made no response to Defendants' position that personal jurisdiction is lacking. The Court will

address this issue first inasmuch as it disposes of the claims against Defendants Mitchell, Iger, and Ruthizer.

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc., 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Id. (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. Id. (citing Del. Code Ann. tit. 10 § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendants'] constitutional right to due process." Id. (citing International Shoe Co. v. Washington, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred

between the defendant and the forum state to support jurisdiction." Id. (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendants' activities within the forum state. In contrast, general jurisdiction does not require Defendants' connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state. American Bio Medica Corp. v. Penisula Drug Analysis Co, Inc., Civ. No. 99-218-SLR, 1999 WL 615175 (D. Del. 1999).

"[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." Id. (citation omitted). Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. Id. see also Hurley v. Cancun Playa Oasis Int'l Hotels, No. 99-574, 1999 WL 718556, at *1 (E.D.

Pa. Aug. 31, 1999)(stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

Defendants Mitchell, Iger, and Ruthizer are mentioned by name only one time in the body of the Complaint, and that is when Plaintiff lists their names and addresses for purposes of issuance of subpoenas.  (D.I. 1 at 2.)  Without mentioning names, the Complaint alleges that Defendants denied Plaintiff of all normal employment opportunities and due remuneration through planned pattens of harassment.  (D.I. 1 at 1.)  There are no allegations in the Complaint indicating where the alleged actions took place.

Defendants argue that the Complaint fails to show that they had sufficient minimum contacts with Delaware to satisfy the minimum requirements of due process necessary for this Court to exercise personal jurisdiction over them.  The Court agrees.  Even taking Plaintiff's averments as true, as this Court is required to do pursuant to Rule 12(b)(2), Plaintiff's Complaint makes no mention of any occurrence in Delaware.  As previously mentioned, when a defendant raises a personal jurisdiction defense, the plaintiff has the burden to establish with "reasonable particularity" sufficient contacts between the

defendant and the forum state to support jurisdiction.  See Provident Nat'l Bank, 819 F.2d at 437.  Plaintiff made no argument in opposition to Defendants' Motion To Dismiss pursuant to Rule 12(b)(2).  Nor did Plaintiff present any competent evidence in support of his Complaint to meet his burden of proof showing that this Court has personal jurisdiction over these three Defendants.  By failing to respond to Defendants' argument, Plaintiff did not provide this Court with any additional information to warrant the exercise of personal jurisdiction over Defendants, and, thus, he fails to meet his burden to establish that either specific or general personal jurisdiction exists.  Because Plaintiff has not demonstrated a basis for personal jurisdiction, this Court will dismiss the Complaint as to Defendants Mitchell, Iger, and Ruthizer.

    B.   **Dismissal Under Rule 12(b)(4) and 12(b)(5)**

Defendants move for dismissal on the basis of insufficiency of process and insufficiency of service of process.  Defendants argue that Plaintiff improperly sent summonses and Complaints to Defendants Mitchell, Iger, and Ruthizer's place of business.  No summons was issued for Walt Disney.  Defendants argue that Plaintiff did not comply with the service requirements of Rule 4, and therefore, the Complaint should be dismissed pursuant to

12(b)(4)[1] and 12(b)(5)[2] of the Federal Rules of Civil Procedure. The Court finds no need to address the service issue as to Defendants Mitchell, Iger, and Ruthizer since it lacks personal jurisdiction over them. As will be discussed, service has not been effected upon Walt Disney.

    A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff fails to properly serve him or her with the summons and complaint. Plaintiff was notified by way of Defendants' Motion To Dismiss that summons was never issued for Walt Disney. Plaintiff opposes the Motion To Dismiss, but did not respond to the issue of his failure to serve Walt Disney.

    Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). Plaintiff filed his complaint on August 7, 2006. At the time he filed his Complaint he received a copy of Rule 4 of the Federal Rules of Civil Procedure. Plaintiff signed the acknowledgment

---

[1] Rule 12(b)(4) provides for dismissal for insufficiency of process.

[2] Rule 12(b)(5) provides for dismissal for insufficiency of service of process.

which states that he "understand(s) that it is (his) responsibility to make service of process on Defendants in accordance" with Rule 4. (D.I. 1, Attach. 3.)

More than 120 days have passed, yet Plaintiff failed to seek issuance of a summons for Walt Disney and there has been no service of the summons and Complaint. Moreover, Plaintiff did not respond to the service issue raised in the Motion To Dismiss, nor did he provide any reason for his failure to serve, or to even attempt to serve Walt Disney. Accordingly, as to Walt Disney, the Court will grant the Motion To Dismiss for failure to serve.

### C. Dismissal Under Rule 12(b)(6)

Defendants contend that the Complaint should be dismissed because it fails to meet the liberal pleading standard set forth in Fed. R. Civ. P. 8 in that it does not give Defendants fair notice of Plaintiff's claims. Defendants also argue that because of the futility of amendment and Plaintiff's litigious history, amendment should not be allowed.

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1

F.3d 176, 183 (3d Cir. 1993). To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004). However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." Id. A Rule 12(b)(6) motion should be granted to dismiss a pro se complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Rule 8(a)(2) provides that the Complaint shall set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is not required to allege affirmatively every aspect of his claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, the Court should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading

policy, a court should generally grant a plaintiff leave to amend his claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

Defendants are correct that the Complaint is deficient. The Complaint does not apprise Defendants of their alleged actions sufficient for them to form an adequate response. Nor does the Complaint state when the alleged actions took place, or where the alleged actions occurred. Moreover, the Complaint states that the "primary actions were perpetuated" not by the named Defendants, but by law firms and attorneys listed in the Complaint.

The Complaint fails to state a claim upon which relief may be granted. Inasmuch as the Court has no personal jurisdiction over Defendants Mitchell, Igor, and Ruthizer, and Walt Disney has never been served, amendment will not be allowed. Based upon the foregoing analysis, the Court will grant the Motion To Dismiss.

IV. **CONCLUSION**

For the reasons discussed, the Court will grant Defendants' Motion To Dismiss. (D.I. 7.) An appropriate Order will be entered.